IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY BAKER, )
 )
       Plaintiff, )
 )
v. ) 1:13CV661
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
       Defendant. )
_____ )

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on the Application for Attorney Fees [Doc. #26] of Plaintiff, who contends he is a prevailing party under the Equal Access to Justice Act ("EAJA") based on this Court's Order and Judgment [Doc. #25] filed September 11, 2014. Defendant Acting Commissioner of Social Security Carolyn W. Colvin, ("Commissioner" or "Defendant") filed a Response in Opposition [Doc. #27] to Plaintiff's Application, arguing that (1) Defendant's position was substantially justified in the underlying litigation and thus Plaintiff cannot recover under the EAJA, and (2) in the event this Court does award attorney's fees, Defendant says the amount requested by Plaintiff should be reduced due to Plaintiff's alleged miscalculation of the appropriate hourly rates. As discussed below, this Court will deny Plaintiff's application for attorney's fees but will grant Plaintiff's request for reimbursement of costs against Defendant.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2012, an Administrative Law Judge ("ALJ") denied Plaintiff's application for

disability insurance benefits and supplemental security income. The ALJ found that Plaintiff had the following severe impairments: hypertension; obesity; knee impairment; schizophrenia; and bipolar disorder. The ALJ determined that Plaintiff's impairments, alone or in combination, did not meet or equal a listed impairment. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with certain limitations. The ALJ concluded that Plaintiff was incapable of performing his past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff was capable of performing. Accordingly, the ALJ found that Plaintiff was not disabled.

Plaintiff unsuccessfully sought review of the ALJ's decision with the Social Security Appeals council, then proceeded to file a Complaint with this Court pursuant to 42 U.S.C. 405(g). In an Order and Judgment [Doc. #25] filed September 11, 2014, this Court granted Plaintiff's Motion to Reverse the Commissioner because the ALJ's decision to give less weight to Dr. Kurland's medical opinions was not supported by substantial evidence. Dr. Kurland, Plaintiff's treating psychiatrist, had provided his medical opinion that Plaintiff would have certain limitations in social functioning and that Plaintiff would likely be absent from work three or more times per month. The ALJ accorded Dr. Kurland's opinion less weight due to apparent inconsistencies in the doctor's treatment notes—diagnosing Plaintiff with major psychotic disorder, but then not observing any delusions or hallucinations—and inconsistencies with Plaintiff's reported activities of daily living, which included household chores, running errands, caring for a pet, using a computer, going to the library, paying bills, and attending computer club meetings. The ALJ also gave little weight to the respective opinions of Dr. Jordan, a

2

consultative examiner, and Dr. Doherty, Plaintiff's primary care physician, both of which tended to corroborate Dr. Kurland's opinion. As more fully described in this Court's September 11, 2014 Order and Judgment, the ALJ failed to identify specific evidence that conflicted with Dr. Kurland's opinions regarding Plaintiff's inability to manage job-related stress. Moreover, the ALJ failed to sufficiently demonstrate how Plaintiff's daily living activities allegedly contradicted evidence regarding Plaintiff's difficulty in managing stress. Thus, this Court remanded this matter because the ALJ's findings as to the weight given Dr. Kurland's medical opinions were not supported by substantial evidence. In its Order and Judgment, this Court also rejected Plaintiff's argument that the Commissioner's decision should be reversed because the ALJ erred in her Step-Five analysis. In doing so, the Court noted that the ALJ erred by accepting "groundskeeper" as a viable position for Plaintiff, but found that the error was harmless because the ALJ identified other jobs Plaintiff was capable of performing given his RFC.

On December 9, 2014, Plaintiff filed the present Application for Attorney Fees [Doc. #26] arguing he is entitled to $7,395.57 in attorney's fees for 38.7 hours of attorney's services under the EAJA because this Court's remand of the matter meant he is a prevailing party under the EAJA. On December 30, 2014, Defendant filed her Response [Doc. #27], arguing that her position in the underlying litigation was substantially justified, which would block Plaintiff from being eligible for attorney's fees. Alternatively, Defendant argues that if the Court determines attorney's fees are proper in this matter, then the amounts calculated by Plaintiff should be reduced due to the incorrect hourly rate he utilized in his computations.

II.     DISCUSSION

Under the EAJA, a private litigant who has initiated a civil action against the United

States may recover attorney's fees if she secures a victory against the United States. 28 U.S.C. § 2412(d)(1)(A). Such attorney's fees shall be awarded if four conditions are met: (1) the party applying for fees must have been a "prevailing party" in the civil action; (2) the application for attorney's fees must be filed within thirty days of the final judgment in the action, and must be accompanied by an "itemized statement" explaining the time and rate used in computing the fee amounts; (3) the position of the government must not have been "substantially justified;" and (4) there must be an absence of "special circumstances [that would] make an award unjust." Id. at § 2412(d)(1)(A)-(B); Comm'r v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319, 110 L. Ed. 2d 134 (1990). If a private litigant satisfies these conditions, he is eligible for an award of reasonable attorney's fees, in an amount not to exceed $125 per hour unless the court determines that "an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

The parties' briefings on the instant matter present three key issues for this Court to resolve. First, the Court must consider whether Defendant's litigation position was substantially justified so as to preclude an award of attorney's fees to Plaintiff. Second, the Court is tasked with determining the correct hourly rate to utilize in calculating the appropriate award of fees in this matter. Third, the Court must conclude whether an award of costs to Plaintiff is appropriate. This Court will first address the question of whether Defendant was substantially justified in her litigation position.

A. Whether Defendant was Substantially Justified

Defendant concedes that Plaintiff is a prevailing party under the EAJA by virtue of obtaining a judgment reversing the Commissioner and remanding the matter to the ALJ. (Def.

4

Opp. to Pl.'s App. [Doc. #27], at 3.) Defendant's challenge to Plaintiff's eligibility for EAJA attorney's fees is limited to arguing that her litigation position was substantially justified. The reasonableness of Defendant's position dictates whether Defendant was substantially justified. Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988); Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011); see also Shepperson v. Sullivan, No. 90-1763, 1991 U.S. App. LEXIS 8594, at *9 (4th Cir. May 6, 1991) (government was substantially justified when case involved "difficult issues on which reasonable minds could differ"). A position is substantially justified if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565, 108 S. Ct. at 2550. The position must be reasonable both in law and in fact. Id.; Cody, 631 F.3d at 141; Mortensen v. Astrue, 428 Fed. Appx. 248, 250-51 (4th Cir. 2011). The government's reliance on an "arguably defensible administrative record," will usually constitute substantial justification. Crawford v. Sullivan, 935 F.2d 655, 658 (1990) (quoting Guthrie v. Schweiker, 718 F.2d 104, 108 (4th Cir. 1983)); Strong v. Comm'r of Soc. Sec. Admin., 461 Fed. Appx. 299, 300 (4th Cir. 2012); Mortensen, 428 Fed. Appx. at 250-51. The substantially justified inquiry encompasses "all aspects of the civil action" and calls on the district court to "treat[] the case as an inclusive whole, rather than as atomized line-items." Jean, 496 U.S. at 161-61, 110 S. Ct. at 2320; see 28 U.S.C. § 2412(d)(2)(D); Cody, at 141; Mortensen, 428 Fed. Appx. at 250-51. "[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); Cody, 631 F.3d at 141 (quoting

5

Roanoke River Basin Ass'n).

In Social Security cases such as the present one, the Fourth Circuit has been careful to distinguish between the substantial justification required for attorney's fees, and the substantial evidence standard required to support an ALJ's determination on an award of benefits. E.g. Mortensen, 428 Fed. Appx. at 251; Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991); Pullen v. Bowen, 820 F.2d 105, 108 (4th Cir. 1987). Indeed, the Fourth Circuit has "rejected the argument that a claimant is entitled to attorney's fees under the EAJA simply because an ALJ's decision was not supported by substantial evidence." Strong, 461 Fed. Appx. at 300; Crawford, 935 F.2d at 657 ("[T]he [Commissioner] is not automatically liable for attorney's fees every time he loses a case."). When a social security claimant's "eligibility for benefits turns on disputed facts," the Commissioner is not necessarily unjustified in contesting the claim, even if the claimant ultimately is awarded benefits. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992).

In the present matter, the ALJ gave less weight to Dr. Kurland's opinion. In doing so, the ALJ found that Plaintiff's activities of daily living indicated that "his mental impairments do not limit him to the extent opined by Dr. Kurland." (Admin. Rec. [Doc. #11-3], at 29.) The ALJ ultimately found Dr. Kurland's report to "contain inconsistencies." (Id.) As observed previously by this Court in its September 11, 2014 Judgment and Order, none of the ALJ's observations explained how these alleged inconsistencies relate to Plaintiff's inability to manage work-related stress. Accordingly, this Court reversed the decision of the Commissioner and remanded the matter.

Nonetheless, the determination that substantial evidence did not support the ALJ's

6

decision to give Dr. Kurland's opinion less weight does not equate to a finding that Defendant's position that Plaintiff was not eligible for benefits was unjustified. Indeed, throughout this case's litigation, Defendant has highlighted a variety of potential inconsistencies in Dr. Kurland's opinion and other evidence, including Plaintiff's own testimony. For example, Defendant noted that Dr. Kurland commented on Plaintiff's inability to perform daily living activities, "such as shopping, cooking, using public transportation, paying bills, and caring for his personal needs." (Mem. Law Supp. Comm'r's Mot. J. Pldgs. [Doc. 22], at 14.) In contrast, Plaintiff testified to regularly engaging in such activities.

Specifically, Plaintiff testified at the hearing before the ALJ that he drives when he needs to go to the bank or grocery store, and that he "pretty much . . . [runs] the errands for [his] wife who works full-time." (Soc. Sec. Admin. R. [Doc. #11-3], at 47.) Plaintiff explained that his wife also goes on missionary trips three to four times a year, and that he sometimes accompanies her. He takes his dog to the dog park in Palm Springs once every two weeks, and he enjoys going to the local library "every couple of weeks" to check out computer books and novels. (Id. at 48-49.) Plaintiff uses a smart phone to help manage his life activities. He also is an active member of a computer club that meets every two months for approximately four to five hours. When he attends those meetings, he often visits his daughter and her family, stays the night with them, and then attends church with them the next day. He is able to eat out and go to movies. Plaintiff enjoyed attempting to play tennis until he experienced physical injuries as a result, and he "used to go to the gym and lift weights and ride the stationary bike" approximately twice a week but had not been to the gym in "about three or four months" prior to the ALJ hearing. (Id. at 51.) Plaintiff pays his household's bills online and spends time using Google and Facebook

7

online. He also leads an online discussion group regarding a particular computer system. Plaintiff enjoys following the stock market. Although his wife has hired a maid for cleaning the house, Plaintiff testified that "I do the trash and I do the watering. I do the marketing, take care of the dogs, pick up hers and my prescriptions. Basically, she's working full-time. So if she's working full-time, I'm available to do anything I can to help her out." (Id. at 64.)

Considering the case as a whole, and in light of the possible inconsistencies in Plaintiff's testimony and Dr. Kurland's opinions, Defendant's position in the case was substantially justified in arguing that Plaintiff was not disabled and thus not eligible for benefits. As the above discussion of Plaintiff's testimony illustrates, Defendant's position was supported by an arguably defensible administrative record which showed that Plaintiff regularly engaged in a variety of daily living activities and social interactions. Moreover, in considering the case in its entirety and not limiting review to the issue on which Plaintiff prevailed, this Court notes that despite Plaintiff's contentions to the contrary, this Court concluded that substantial evidence supported the ALJ's Step-Five analysis. Defendant's victory on Plaintiff's Step-Five argument further supports that on the whole, Defendant was reasonable in litigating this matter. Thus, while this Court concluded in its earlier Order and Judgment that the ALJ did not identify evidence conflicting with Dr. Kurland's opinion regarding Plaintiff's ability to manage work-related stress, the totality of the circumstances illustrates that Defendant acted reasonably in opposing a disability finding and award of benefits.

By way of comparison, this was not a case where the ALJ completely failed to consider the treating physician's opinion, or where the ALJ failed to mention any reason for the weight assigned to the opinion. See e.g., Barringer v. Colvin, No. 5:12-cv-3531-DCN, 2014 U.S. Dist.

LEXIS 107159, at *4-5 (D.S.C. Aug. 5, 2014) (position not substantially justified where ALJ explained weight given to opinion with a single conclusory sentence); Diprospero v. Colvin, No. 5:13-CV-00088-FDW-DSC, 2014 U.S. Dist. LEXIS 82911, at *7-8 (W.D.N.C. June 18, 2014) (position not substantially justified where "[t]he ALJ did not list the weight or explain his reasoning for assigning weight to any consultant examiners"). Likewise, the ALJ did not disregard or misapply the law despite her inadequate discussion of evidence potentially conflicting with Dr. Kurland's opinion. See Brady v. Astrue, No. 2:07-CV-17, 2009 U.S. Dist. LEXIS 130872, at *12 (N.D. W. Va. Jan. 14, 2009) (magistrate judge's recommendation) ("Despite the fact that the District Court found that substantial evidence did not support the ALJ's conclusion on this issue, this Court finds that the ALJ did not intentionally mis-apply the law to the specific facts of this case."), adopted by 2011 U.S. Dist. LEXIS 39245 (Apr. 11, 2011). Instead, when viewing the case as a whole, this is a case in which reasonable minds could disagree, and in which Defendant relied on an arguably defensible administrative record.

Other courts have found the Commissioner substantially justified in similar cases where an ALJ erroneously accorded less weight to a particular medical opinion. See Brady, 2009 U.S. Dist. LEXIS 130872, at *12; Elias v. Astrue, No. 3:07-CV-43, 2008 U.S. Dist. LEXIS 54347, at *11-12 (N.D. W. Va. March 11, 2008) (magistrate judge's recommendation), adopted by 2008 U.S. Dist. LEXIS 118909 (June 30, 2008); Cardwell v. Astrue, C.A. No. 4:06-2051-HMH-TER, 2008 U.S. Dist. LEXIS 16618, at *2–3 (D.S.C. Mar. 4, 2008). For example, in Cardwell, the Commissioner's decision denying benefits was reversed "because the ALJ erred by improperly discrediting the opinion of [the plaintiff's] treating psychiatrist." Cardwell, 2008 U.S. Dist. LEXIS 16618, at *2. The district court nonetheless easily concluded that the Commissioner was

9

substantially justified, observing that "the Commissioner reasonably argued that the ALJ properly discounted [the treating psychiatrist's] opinion because it was inconsistent with the record as a whole and with her own treatment notes." Id. at *3. The situation in Cardwell is analogous to the present one, where the ALJ erred in discounting Dr. Kurland's opinion, but the Commissioner's position defending the ALJ, taken as a whole, is not unreasonable. An unpublished Fourth Circuit opinion also provides some guidance, even if it is without binding precedential value. In Shepperson v. Sullivan, No. 90-1763, 1991 U.S. App. LEXIS 8594 (4th Cir. May 6, 1991), the district court remanded a social security determination because the ALJ "wrongfully disregarded" the opinions of treating physicians, but the district court nonetheless denied the plaintiff's application for attorney's fees because the Commissioner was substantially justified in his position. Id. at *3-4. In upholding the denial of attorney's fees, the Fourth Circuit observed that the ALJ "considered the opinions of [the plaintiff's treating psychiatrist] but found that they were contradicted by the objective medical evidence in conjunction with the plaintiff's own testimony." Id. at *6-7. Ultimately, the Fourth Circuit held that "[a]lthough the district court found the conflicts to be less substantial than the [ALJ] and remanded the case for further consideration, this does not mean that the government's position was not substantially justified." Id. at *9.

The same is true in the present case, where Defendant was substantially justified in arguing that the inconsistencies with Dr. Kurland's opinion were more significant than this Court ultimately determined in its earlier Order remanding the matter to the ALJ. This case is more similar to Cardwell and Shepperson than to the cases previously cited in which an ALJ committed a more egregious error by disregarding an opinion or failing to explain the weight

10

given to an opinion. Defendant's position here was reasonable and substantially justified based on the arguably defensible administrative record present in this matter. As such, the Court will deny Plaintiff's application for attorney's fees, since the Court has determined that Defendant's position was substantially justified and thus precludes Plaintiff from recovering EAJA attorney's fees.

B.      Hourly Rate for Fee Calculation

Next, in the event this Court were to award attorney's fees, Defendant argues that the hourly rate used in Plaintiff's fee computations was incorrect and should be adjusted. Plaintiff's instant application requested a total of $7,395.57 in compensation for services rendered, at a rate of $191.10 per hour, for a total of 38.7 hours expended.[1] Plaintiff utilized the $191.10 hourly rate in recognition of an increase in cost-of-living since enactment of the EAJA's standard maximum hourly rate of $125.00. Defendant does not contest the number of hours expended by Plaintiff's counsel, but does challenge the cost-of-living adjustment made by the Plaintiff. Nonetheless, because Defendant was substantially justified in her litigation position, thus barring an award of any attorney's fees to the Plaintiff, the Court need not resolve this matter of the proper hourly rate and computation method for an award of attorney's fees in this instance.

C.      Award of Costs

In the present matter, Defendant "has no objection to Plaintiff's request for reimbursement of costs in the amount of $418.33." (Def. Opp. to Pl.'s App. [Doc. #27], at 2

---

[1] In his Reply to Defendant's Opposition [Doc. #30], Plaintiff requested an additional $1,433.25 in compensation for the 7.5 hours counsel expended in preparing the Reply. As discussed above, the Court has determined that Plaintiff is not entitled to attorney's fees, which would include Plaintiff's request for attorney's fees for time dedicated to preparing the Reply.

11

n.1.)[2] Plaintiff's request for costs was comprised of a $400.00 filing fee and $18.33 in service of process costs. As discussed below, the Court may, in its discretion, enter a judgment for costs in this matter even though it will decline to award attorney's fees.

The EAJA contains separate provisions pertaining to attorney's fees and reimbursement of costs. Compare 28 U.S.C. § 2412(a)(1) (discussing a judgment for costs under EAJA) with 28 U.S.C. § 2412(d)(1)(A) (stating requirements for award of attorney's fees). Under 28 U.S.C. § 2412(a)(1), the costs eligible for inclusion in a judgment for costs are those listed in 28 U.S.C. § 1920, which include "[f]ees of the clerk and marshal." Id. at § 1920 (1). An award of costs under the EAJA is discretionary and does not contain the same threshold requirement for a lack of substantial justification as the attorney's fees provision. 28 U.S.C. at § 2412(a)(1); Neal & Co. v. United States, 121 F.3d 683, 686-87, (Fed. Cir. 1997) ("Attorney fees and expenses must be awarded when the Government's position is not 'substantially justified.' Costs, on the other hand, may be awarded to any prevailing party." (internal citations omitted)); see Cruz v. Comm'r of Soc. Sec., 630 F.3d 321, 325–26 (3d Cir. 2010). Although not squarely addressed by the Fourth Circuit, cases from other circuits soundly reason that an award of costs to a prevailing party is within the discretion of the district court, regardless of whether the government was

---

[2] Defendant addresses costs solely in a footnote, and in doing so, observes that the Social Security Act does not contain any provisions for assessing costs against the Commissioner, but that "certain costs charged against the government of the United States can be paid from the Judgment Fund by the Department of the Treasury, if so ordered by the court, pursuant to 31 U.S.C. § 1304." (Def. Opp. to Pl.'s App. [Doc. #27], at 2 n.1.) Although Defendant does not explain the interplay of this statute with the EAJA, 31 U.S.C. § 1304 appropriates funds for judgments entered under 28 U.S.C. § 2414. See 31 U.S.C. § 1304(a)(3)(A). Section 2414 in turn directs that "payment of final judgments rendered by a district court . . . against the United States shall be made on settlements by the Secretary of the Treasury," which would encompass the instant action by Plaintiff against the Commissioner. 28 U.S.C. § 2414.

substantially justified in its position. E.g. Cruz, 630 F.3d at 325-26; Neal & Co., 121 F.3d at 686-87; Williams v. Apfel, No. IP 98-1396-C H/G, 2000 U.S. Dist. LEXIS 7420, at * 8-9 (S.D. Ind. Apr. 20, 2000) ("[A] prevailing party's right to recover § 1920 'costs' [under the EAJA] from the United States does not depend on meeting the criteria for a fee award under the EAJA."); United States v. Estate of Rogers, No. 1:97-cv-461, 2003 U.S. Dist. LEXIS 20171, at *3 (E.D. Tenn. Apr. 3, 2003) (analyzing EAJA costs issue separate from attorney's fees issue and framing propriety of a judgment for costs as hinging upon "if Alpha is a prevailing party, whether the Court should exercise its discretion to award costs to Alpha"); c.f. United States v. McHan, 11 Fed. Appx. 304, 306 (4th Cir. 2001) (observing in context of whether parties waived recovery of fees in addition to costs that "the plain language of the EAJA establishes that Congress expressly distinguished between 'costs' and 'fees and expenses.' ").

As noted above, Defendant does not object to Plaintiff's request for reimbursement of costs. Accordingly, the Court will order Defendant to pay $418.33 to Plaintiff for the costs incurred by Plaintiff in filing the instant action and achieving service of process on Defendant.

III. CONCLUSION

In sum, for the above reasons, this Court grants in part and denies in part Plaintiff's Application for Attorney's Fees [Doc. #26] for the reason that Defendant was substantially justified in her position in the instant matter. As such, the Court finds that Plaintiff is not entitled to an award of attorney's fees. However, as Defendant does not oppose a charge of costs, the Court at Plaintiff's request enters a judgment for costs against Defendant in the amount of $418.33.

IT IS THEREFORE ORDERED Plaintiff's Application for Attorney Fees [Doc. #26] is hereby GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Application is granted as to an award of costs, and denied as to an award of attorney's fees. IT IS ORDERED that Defendant will pay Plaintiff Gary Baker $418.33 in costs.

This the 19th day of March, 2015

_James A. Beaty_
United States District Judge